STATE OF HAWAII, Plaintiff-Appellant, v. JEANA SWAFFORD, Defendant-Appellee

NO. 11335

(CRIMINAL NO. 85-1146)

DECEMBER 12, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY HAYASHI, J.

Plaintiff-Appellant State of Hawaii (hereinafter "State") appeals the dismissal with prejudice of the indictment against Defendant-Appellee Jeana Swafford (hereinafter "Swafford"). She had been indicted for place to keep firearms (Hawaii Revised Statutes (hereinafter "HRS") § 134-6 (Supp. 1984)), possession of a prohibited firearm (HRS § 134-8 (Supp. 1984)), and two counts of selling or delivering an unregistered firearm (HRS § 134-3 (Supp. 1984)). She claimed entrapment by a confidential police informant known as "Robert" or "Robin" (hereinafter "Robin") who acted as a go-between. Circuit Judge Spencer dismissed the indictment with prejudice after State refused to disclose Robin's identity and Swafford was denied his testimony. State contends Judge Spencer erred by refusing to conduct a required Hawaii Rules of Evidence (hereinafter "HRE") Rule 510(c)(2) *in camera* hearing prior to ordering disclosure. Swafford replies no error occurred but argues this court lacks jurisdiction to hear this appeal under HRS § 641-13(2) (1976) because of double jeopardy. We agree no appellate jurisdiction exists and therefore dismiss this appeal.

I.

The basic facts are not disputed. Swafford was a waitress at the Waipahu Club. In late March 1985, she became acquainted with bar patron Robin. Thereafter, he came in daily for two to five hours to see her. He bought her meals and gave her a box of shrimp. He later suggested taking her to a hotel, but she refused. Robin also talked about attending a cockfight. On April 14, 1985, Swafford agreed to go to a cockfight, but Robin stated needing a gun for protection if trouble arose. Swafford volunteered having a gun she found in the car she had borrowed from her friend Clarence Lee.

Meanwhile on April 16, 1985, Honolulu Police Department Officer David Talon received an anonymous tip from a woman claiming a Waipahu Club waitress was selling guns. He decided to investigate. Fellow Honolulu Police Department Officer Hanson Lee then directed Robin over the telephone to assist Officer Talon in an undercover operation. Officer Lee had known Robin as a confidential informant providing tips since November 1984.

On the night of April 17. 1985. Officer Talon met Robin at the Waipahu Club and was introduced as Robin's high school friend to Swafford. Robin told Officer Talon Swafford may have a gun for Officer Talon's use. Although Swafford stated having a handgun to loan, she was initially reluctant to bring it until Officer Talon assured her he only wanted it for future pig hunting. Swafford also stated Officer Talon and Robin wanted the gun for protection at a cockfight they planned to attend the next day. Swafford and Robin then drove to Swafford's apartment to get the gun. While there, she also picked up a sawed-off shotgun, thinking Officer Talon could use it for pig hunting, too (she had not mentioned the shotgun to anyone before). She and Robin returned to Waipahu Club where Officer Talon was given the guns "on loan." She was then arrested.

On September 11, 1985, she was indicted. Counts I (HRS § 134-6) and III (HRS § 134-3) dealt with the handgun while Counts II (HRS § 134-8) and IV (HRS § 134-3) referred to the shotgun. On February 26, 1986, Swafford moved to compel disclosure of Robin's identity and produce him for trial or, alternatively, to dismiss the indictment arguing he was a material witness needed for her entrapment defense. After conducting hearings, including an *in camera* hearing of Officers Lee and Talon pursuant to HRE Rule 510(c)(2), Circuit Judge Heely denied her motion on March 5, 1986.

At the jury trial before Judge Spencer, Officers Lee and Talon plus Swafford testified as described above. She renewed her motion, and both parties requested another *in camera* hearing. Judge Spencer ruled another hearing was not needed because the trial testimony indicated Robin's testimony was necessary. He then dismissed the charges with prejudice ruling State's refusal to disclose Robin's identity violated Swafford's fair trial rights.

State then noticed its appeal invoking jurisdiction under HRS § 641-13(1) (1976).

## II.

We begin with the proposition that "[t]he right of appeal is purely statutory and exists only when given by some Constitutional or statutory provision." *Chambers v. Leavey*, 60 Haw. 52, 57, 587 P.2d 807, 810 (1978) (citations omitted); *Association of Owners of Kukui Plaza v. Swinerton & Walberg Co.*, 68 Haw. ___, ___, 705 P.2d 28, 33 (1985).

HRS § 641-13 (1976 and Supp. 1984) reads in relevant part:

> An appeal may be taken by and on behalf of the State from the district or circuit courts to the supreme court, subject to chapter 602, in all criminal cases, in the following instances:
>
> (1) From an order or judgment quashing, setting aside. or sustaining a motion to dismiss, any indictment or information or any count thereof;
>
> (2) From an order or judgment, sustaining a special plea in bar, or dismissing the case where the defendant has not been put in jeopardy . . . .

Here, State asserts HRS § 641-13(1) applies. Swafford, however, characterizes State's appeal as falling under HRS § 641-13(2) because Judge Spencer in effect dismissed the case and ruled she had been placed in jeopardy. Swafford thus argues State cited the wrong subsection to take this appeal. We must therefore decide A) which subsection of HRS § 641-13 applies; and B) whether State may appeal under the governing subsection.

### A.

Before the dismissal was ordered, the following exchange took place between Judge Spencer and the deputy prosecuting attorney:

> THE COURT:   If the Court ultimately does *dismiss the case,* the State would have a right to appeal, would it not?
>
> MS. NAKAMURA:   I believe so, your Honor.
>
> THE COURT:   Or would the fact that defendant  · I suppose the fact that defendant has been put in jeopardy prior to the case, State would have a right to prosecute the ·—
>
> MS. NAKAMURA:   It's an arguable point under Rule 641-13, Subpart 2, it would be an issue. But I believe there is a possibility.

Transcript, March 17, 1986 at 92 (emphasis added).

Judge Spencer later stated:

> THE COURT:   Based on the findings of fact and conclusions of law the Court has made and the decision that the Court has arrived at, the Court will dismiss the indictment in this case.
>
> Now, my intent is, and I think that the indictment should be dismissed with prejudice in this case. I know I expressed on the record a short time ago a question as to whether the State could prosecute this case again, but it's clear with a very little bit of

reflection that it should be dismissed with prejudice, and I think *as a matter of double jeopardy the State should be precluded from prosecuting defendant again.* So it's really academic
*Id.* at 98 (emphasis added).

It is clear, then, that the *entire case* was dismissed based on all the evidence adduced at trial. HRS § 641-13(2), and not HRS § 641-13(1), thus controls. In *State v. Marzo,* 64 Haw. 395, 641 P.2d 1338 (1982), the defendant obtained dismissal of the charges after the jury was sworn *but before evidence was taken.* Here, the charges were dismissed after all the evidence was taken. Therefore, State could only take an appeal from the order dismissing the case with prejudice under the authority of HRS § 641-13(2).

### B.

State's failure to appeal under the correct statutory authority in the instant case deprives us of jurisdiction to decide the merits.[1] *See State v. Brandimart,* 68 Haw. ___, 720 P.2d 1009 (1986). Because HRS § 641-13(1) does not confer the authority on this court to hear an appeal from an order dismissing a case with prejudice, we must dismiss this appeal for lack of jurisdiction.

### III.

Though we lack appellate jurisdiction, we deem it appropriate to emphasize that an *in camera* hearing is *mandatory* prior to ordering disclosure of a confidential informant's identity or ordering dismissal of an indictment under HRE Rule 510(c)(2). This rule reads in relevant part (emphasis added):

If it appears from the evidence in the case or from other showing by a

---

[1]Since we lack jurisdiction, we express no opinion on whether Judge Spencer correctly ruled Robin may have been able to provide testimony necessary to a fair determination of Swafford's entrapment defense. *See Roviaro v. United States,* 353 U.S. 53 (1957). Nor do we rule whether Swafford had a legitimate entrapment defense based on the specific facts of this particular case. *See State v. Powell,* 68 Haw. ___, 726 P.2d 266 (1986). Finally, there is no need to decide if jeopardy precluded State from appealing the order of dismissal under HRS § 641-13(2). *See State v. Ferreira,* 68 Haw. ___. 709 P.2d 607 (1985); *State v. Rodrigues,* 67 Haw. 70, 679 P.2d 615, *cert. denied,* 469 U.S. 1078 (1984).

party that an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case or of a material issue on the merits in a civil case to which the government is a party, and the government invokes the privilege, *the judge shall give the government an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony.* The showing will ordinarily be in the form of affidavits, but the judge may direct that testimony be taken if he finds that the matter cannot be resolved satisfactorily upon affidavit. If the judge finds that there is a reasonable probability that the informer can give the testimony, and the government elects not to disclose his identity, the judge on motion of the defendant in a criminal case shall dismiss the charges to which the testimony would relate, and the judge may do so on his own motion.

This appeal presents us with an urgent reason to invoke our supervisory jurisdiction over all courts of inferior jurisdiction pursuant to HRS § 602-4 (Supp. 1984).[2] *Gannett Pacific Corp. v. Richardson,* 59 Haw. 224, 580 P.2d 49 (1978). We therefore admonish all trial judges to adhere to the requirements of HRE Rule 510(c)(2). The government must be afforded the opportunity to present facts in an *in camera* hearing for the trial judge to determine that the confidential informant may be able to give testimony necessary to the case.

Dismissed.

*Peter Van Name Esser,* Deputy Prosecuting Attorney, for Plaintiff-Appellant.

*Anthony H. Yusi* (*Matthew S. K. Pyun, Jr.,* with him on the brief; *Pyun, Okimoto & Thomason,* of counsel), for Defendant-Appellee.

CONCURRING OPINION OF NAKAMURA, J.

I concur in the dismissal of the case for want of jurisdiction.

---

[2]§ *602-4 Superintendence of inferior courts.* The supreme court shall have the general superintendence of all courts of inferior jurisdiction to prevent and correct errors and abuses therein where no other remedy is expressly provided by law.