**STATE OF HAWAII**, Plaintiff–Appellee, v. **CHARLES I. RODGERS**, Defendant–Appellant

NO. 12707

(FC–CR. NO. 87–1207)

DECEMBER 28, 1988

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction of physically abusing a household member in violation of Hawaii Revised Statutes (HRS) § 709–906. The petition in question was filed March 11, 1987. On April 20, 1987, appellant filed a motion to suppress evidence. No transcript of the hearing on the return date to the motion, May 15, 1987, has been provided us. The minutes of the court reflect that the case was continued for trial and a hearing on the motion to suppress to a later date. There were various mesne continuances and the case was finally tried on January 21, 1988 when appellant was found guilty.

The trial judge lumped together the hearing on the motion to suppress and the trial, and rendered no findings of fact and conclusions of law with respect to the various contentions raised by appellant on the motion to suppress.

Hawaii Family Court Rule 81(c) provides:

Cases for adults charged with commission of a crime coming within the jurisdiction of the family courts shall be governed by the Hawaii Rules of Penal Procedure.[1]

Rule 12(e) of the Hawaii Rules of Penal Procedure provides:

A motion made before trial shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue or until after verdict; *provided that a motion to suppress made before trial shall be determined before trial. Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.*

(Emphasis supplied.)

It is obvious in this case that the trial judge violated HRPP 12(e) in two respects. One, he did not hold a hearing and determine the motion to suppress before trial. Two, he did not state on the record the findings and conclusions that he made on the motion to suppress.

We therefore reverse the judgment of conviction and remand the case to the family court for further proceedings not inconsistent herewith. Reversed and remanded.

*Reuel Toyama* (*Clifford B. Hunt* and *Susan Barr* on the brief), Deputy Public Defenders, for appellant.

*Vickie L. Silberstein*, Deputy Prosecuting Attorney, for appellee.

---

[1] Rule 32 of the Rules of the District Court of the State of Hawaii is parallel in effect.