**STATE OF HAWAII**, Plaintiff–Appellee, v. **TIMOTHY E. KNOEPPEL**, Defendant–Appellant

NO. 13842

(FC–CR. NO. 89–1349)

JANUARY 29, 1990

LUM, C.J., PADGETT, HAYASHI, AND
WAKATSUKI, JJ., AND RETIRED JUSTICE
NAKAMURA, ASSIGNED BY REASON
OF VACANCY

OPINION OF THE COURT BY HAYASHI, J.

Defendant–Appellant Timothy E. Knoeppel (Defendant) appeals from the order and judgment entered in the Family Court of the First Circuit on May 10, 1989. The order denied Defendant's motion to dismiss, and the judgment was entered in accor-

dance with the family court's finding of Defendant guilty as charged for the offense of abuse of a family or household member (HRS § 709–906). We reverse.

## I.
## FACTUAL BACKGROUND

On February 26, 1989, Defendant shared an apartment in Honolulu with Steven and Deana. Following a dispute between Defendant and Deana in the living room, Defendant slapped Deana across the right side of her face with the back of his hand. Defendant was subsequently arrested.

The day following the incident and arrest, February 27, 1989, a complaint signed by Police Officer Samson Nava (Officer Nava), the arresting officer, was filed with the family court. The complaint charged Defendant with committing the offense of abuse of a family or household member, a misdemeanor. This one–page, standard form complaint did not contain: 1) a signature line for the prosecutor; nor 2) the signature of any prosecutor.

At his arraignment on March 13, 1989, Defendant, who was then represented by a deputy public defender, entered a plea of not guilty.

On April 13, 1989, Defendant moved to dismiss, asserting that: 1) the case was initiated by the filing of an illegal complaint; and thus 2) the family court lacked the requisite jurisdiction to adjudicate the case. Following a hearing, the family court orally denied Defendant's motion to dismiss.

Trial then commenced, and Defendant was found guilty of the charged offense.

Following the entry of the order and judgment, Defendant timely appealed.

## II.
## HRPP RULE 7

Rule 81(c) of the Hawaii Family Court Rules states that "[c]ases for adults charged with [the] commission of a crime coming within the jurisdiction of the family courts shall be governed by the Hawaii Rules of Penal Procedure." Hawaii Rules of Penal Procedure (HRPP) Rule 7, in turn, reads in relevant part (emphasis added):

> ### THE INDICTMENT, COMPLAINT
> ### AND ORAL CHARGE.
>
> **(a)** **Use of Indictment, Complaint or Oral Charge.** The charge against a defendant is an indictment, a complaint or an oral charge filed in court. A felony shall be prosecuted by an indictment or a complaint. Any other offense may be prosecuted by an indictment, a complaint, or an oral charge.
>
> . . . .
>
> **(d)** **Nature and Contents.** The charge shall be a plain, concise and definite written statement of the essential facts constituting the offense charged; provided that an oral charge need not be in writing. . . . *A complaint shall be signed by the prosecutor, or it shall be sworn to or affirmed in writing before the prosecutor by the complaining witness and be signed by the prosecutor*[] . . . . Formal defects, including error in the citation or its omission, shall not be ground for dismissal of the charge or for reversal of a conviction if the defect did not mislead the defendant to his prejudice.

Defendant contends the family court erred in denying his motion to dismiss. According to Defendant's theory: 1) since the complaint was only signed by Officer Nava and was not also signed by the prosecutor, the complaint was fatally defective; and

therefore 2) the resulting judgment is invalid since the case was never properly initiated.

Essentially, Defendant urges a mandatory reading of the signature provisions of HRPP Rule 7(d). We agree.

The plain and unambiguous language of HRPP Rule 7(d) mandates that a criminal complaint shall be: 1) signed by the prosecutor; or 2) sworn to or affirmed in writing before the prosecutor by the complaining witness and be signed by the prosecutor. *Cf. State v. Rodgers*, 70 Haw. 156, 766 P.2d 675 (1988) (HRPP Rule 12(e) mandates that a motion to suppress shall be determined before trial, and where factual issues are involved in determining the motion, the trial court shall state its essential findings on the record).

The absence of the prosecutor's signature on the complaint, therefore, rendered the complaint fatally defective. The resulting judgment, in turn, is null and of no effect.

We reject Plaintiff–Appellee State of Hawaii's (State) contention that the omission of the prosecutor's signature on the complaint constitutes a formal defect, and thus, is not a proper ground for dismissal where no prejudice results to the defendant. Since the prosecutor is generally charged with the responsibility of determining whether or not to instigate a formal criminal proceeding, *see Amemiya v. Sapienza*, 63 Haw. 424, 629 P.2d 1126 (1981) (the public prosecutor has been delegated with the primary authority and responsibility for initiating and conducting criminal prosecutions within his county jurisdiction), the absence of the prosecutor's signature on the complaint, in our view, is not a mere formal defect. *See also* HRS § 709–906(7) (the family or household member who has been physically abused or harmed by another person may file a criminal complaint through the prosecuting attorney of the applicable county).

We also reject State's argument that "[t]he prosecutor . . . elected to charge the [D]efendant verbally at the arraignment[,]"

and "[b]y electing to charge by reading, the prosecutor cured the
. . . defect in the complaint." Answering Brief at 7–8.

The record indicates that Defendant: 1) was not orally charged
by the prosecutor at the arraignment; and 2) did not waive any for-
mal reading of the charge.

### III.
### CONCLUSION

Based on the foregoing reasons, we reverse the order and
judgment. Reversed.

*Chris P. Bertelmann* (Bertelmann & Pascual, of counsel), for
Defendant–Appellant.

*Glenn T. Taniguchi*, Deputy Prosecuting Attorney, for
Plaintiff–Appellee.

### DISSENTING OPINION OF WAKATSUKI, J., WITH
### WHOM RETIRED JUSTICE NAKAMURA, JOINS

I respectfully dissent.

Hawaii Rules of Penal Procedure 7(d) provides that "[f]ormal
defects, including error in the citation or its omission, shall not be
ground for dismissal of the charge or for reversal of a conviction if
the defect did not mislead the defendant to his prejudice." The
question here is whether the missing signature of the prosecutor on
the complaint is a "formal defect."

The Note to Rule 7 in the 1975 Proposed Draft of the Hawaii
Rules of Penal Procedure states:

> Under the present rules, the prosecutor's signature to
> indictments and informations are required but not to com-
> plaints, which are only sworn to by a complaining wit-
> ness. Thus, although the present Hawaii rules expressly

give the prosecutor discretionary control in determining whether an indictment or information is to be filed or not by requiring his signature thereon, they are not clear as to whether such control resides in the prosecutor with regard to complaints. And since a complaint under the existing rules become (sic) a charging pleading under HRCrP 5, the result is that although discretionary control over the commencement of prosecutions is given to the prosecutor where instituted by indictments and informations, such control may not exist where instituted by complaint. *The proposed rule adopts the position that the prosecutor has such discretionary control over the commencement of all prosecutions, by requiring his signature on all indictments and complaints.*

. . . .

Like the Federal Rules, Section (c) requires the prosecutor's signature to all written charges, thus adopting the position that all *prosecutions be commenced subject to the discretionary control of the prosecutor.* (Citations omitted) (emphasis added).

The only purpose of the signature requirement is to insure that the prosecutor has sole authority in initiating a prosecution. The goal is to prevent another person from commencing a prosecution where the prosecutor would choose not to prosecute. In this case, there is no question that the prosecutor chose to prosecute this case, as the prosecution resisted the motion to dismiss the complaint and proceeded to trial. Thus, the absence of the prosecutor's signature hardly suggests that the prosecution was commenced against the will of the prosecutor.

Consequently, the missing signature of the prosecutor, in my view, is a "formal defect" that does not warrant reversal of the conviction based on the fact that the defendant does not claim that the defect misled him to his prejudice. Furthermore, the arraignment transcript does show that the *court* told the defendant:

"You're charged with striking Dina K. Mikami in the face area with your hands on February 23, 1989.

Ms. Wallace, Defendant is pleading not guilty?

Mr. Knoeppel: Yes, your Honor.

Ms. Wallace: Yes."

Although the *prosecutor* did not do the reading, the *court* in effect substituted for the prosecutor and provided the "plain, concise and definite . . . statement of the essential facts constituting the offense charged." HRPP Rule 7(d). No citation to the statute allegedly violated was read but the rule states that such an omission is a formal defect not warranting dismissal where the defendant is not misled. HRPP Rule 7(d).

I would affirm the conviction.