**STATE OF HAWAII**, Plaintiff–Appellee, v. **JAMES FRANCIS DUNN**, Defendant–Appellant

NO. 13348

(FC–CR. NO. 87–1360)

OCTOBER 5, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

## OPINION OF THE COURT BY HEEN, J.

In urging us to reverse his conviction for physically abusing his wife, Christina (Christina), in violation of Hawaii Revised Statutes (HRS) § 709–906(1) (1985),[1] Defendant–Appellant James

---

[1] Hawaii Revised Statutes (HRS) § 709–906(1) (1985) reads as follows:

**Abuse of family and household members; penalty.** (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member, or to refuse compliance with the lawful order of a police officer under subsection (4). The police, in investigating any complaint of abuse of a family or household member may, upon request, transport the abused person to a hospital or safe shelter.

For the purposes of this section, "family or household member" means spouses or former spouses, parents, children, and persons jointly residing or formerly residing in the same dwelling unit.

Francis Dunn (Defendant) asserts that his trial counsel was ineffective for failing to (1) move to dismiss the case on speedy trial grounds; (2) challenge the legality of his arrest; (3) object to hearsay testimony; and (4) demand a hearing on the identity of an anonymous caller who reported the domestic incident to the police. He also contends that, even though they were not brought to the attention of the trial court by trial counsel, the issues he now raises constituted plain error which may be considered on appeal pursuant to Rule 52(b), Hawaii Rules of Penal Procedure (HRPP) (1977).[2] Finding no ineffective assistance of counsel or plain error, we affirm. We will discuss Defendant's arguments *seriatim*.[3]

1.

Defendant argues that the delay in his trial violated his rights under Rule 48(b)(1), HRPP (1977),[4] and the United States and

---

[2] Rule 52(b), Hawaii Rules of Penal Procedure (HRPP) (1977), reads as follows:

> **Plain Error.** Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

[3] The charging document in this case, a "Petition By Police Officer," was not signed by the prosecutor or by the complaining witness. In a similar case decided by the supreme court after the trial in this case, the supreme court held that, under Rule 7(d), HRPP (1983), the petition must be signed by the prosecutor or sworn to or affirmed in writing by the complaining witness before the prosecutor, who must also sign the petition. *State v. Knoeppel*, 71 Haw. 168, 785 P.2d 1321 (1990). The supreme court held that the absence of the prosecutor's signature rendered the "resulting judgment . . . null and of no effect." *Id.* at 171, 785 P.2d at 1322.

Unlike the defendant in *Knoeppel*, Defendant, here, did not raise the defect below before trial, as he was required to do pursuant to Rule 12(b)(2), HRPP (1977). Therefore, he has waived the defect. Rule 12(f), HRPP.

[4] Rule 48(b)(1), HRPP (1977), reads as follows:
**DISMISSAL.**

Hawaii State Constitutions, [5] and trial counsel was ineffective for not moving to dismiss. We disagree.

a.

The offense allegedly occurred on May 3, 1987, shortly before Defendant was arrested at his home. He was released on bail and was to appear in family court on May 12, 1987, for arraignment; however, he failed to appear. Later that day, he phoned the court and was instructed to appear on May 18, 1987. On May 18, 1987, arraignment was continued to June 15, 1987, and Defendant was referred to the public defender's office for determination of his eligibility for court–appointed counsel. On June 15, 1987, represented by the public defender, Defendant entered a not guilty plea and trial was set for October 9, 1987.

On October 9, 1987, Defendant orally moved for an investigation and informal adjustment under HRS § 571–42 (1985). [6] The

---

* * *

(b) By Court. Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:

(1) the date of arrest or of filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made[.]

[5] The Sixth Amendment of the United States Constitution and Article I, section 14 of the Hawaii State Constitution both employ identical language as follows:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]

[6] HRS § 571–42 (1985) reads in pertinent part as follows:

Procedure in adult cases. In any criminal proceeding arising under section 571–14 the court, with the consent of the defendant or the parties in interest, may make a preliminary investigation and such adjustment as is practicable, without prosecution.

case was continued to October 30, 1987, to give Defendant's counsel time to file a formal motion (Motion), which he did on October 29, 1987. On October 30, 1987, the Motion was heard and granted over the State's objection, on condition that (1) Defendant perform twenty hours of community service within sixty days; and (2) he and his wife enter into counseling and obtain an alcohol and drug abuse assessment from the Salvation Army. The court also scheduled a hearing for April 8, 1988, to review Defendant's compliance with the conditions. The complaint was not dismissed.[7] At the review hearing, the court found that Defendant had not met any of the conditions imposed on October 30, 1987, and set the case for trial on July 29, 1988.

On July 29, 1988, the State requested that the case be continued for the reason that Christina had not appeared for the trial, although she had assured the prosecutor the night before that she would be there. It is not clear from the record whether Christina had been subpoenaed. The case was continued, and trial began on September 2, 1988.

The total elapsed time from arrest to trial was 488 days. Defendant contends that excluding the periods

| | |
|---|---|
| May 12, to May 18, 1987: | 6 days |
| May 18, to June 15, 1987: | 28 days |
| October 9, to October 30, 1987: | 21 days |
| October 30, 1987 to April 8, 1988: | 162 days, |

a total of 217 days, leaves a net elapsed time of 271 days, in violation of Rule 48(b)'s six month limitation.

---

HRS § 571–14(2)(B) (1985) vests exclusive original jurisdiction in the family court to try any adult charged with a non–felony offense against his or her spouse.

[7] Query whether HRS § 571–42, *supra*, contemplates a dismissal of the complaint without prejudice.

The argument is without merit. On this record, we hold that, in addition to the above exclusions conceded by Defendant, the 112 days from April 8 to July 29, 1988, are excludable under Rule 48(c)(1). [8]

We reject Defendant's argument that the period of delay on account of the informal adjustment should end on April 8, 1988, when the court determined that he had not complied with the conditions imposed. The attempt at informal adjustment was a collateral proceeding affecting Defendant within the meaning of Rule 48(c)(1) that caused a delay from October 30, 1987, when the motion for informal adjustment was granted, to July 29, 1988.

To hold otherwise would allow a defendant to use the informal adjustment proceedings to defeat Rule 48's purposes, which, besides ensuring an accused a speedy trial, are to relieve court congestion, promptly process all cases coming into court, and to advance the efficiency of the criminal justice process. *State v. Faalafua*, 67 Haw. 335, 339, 686 P.2d 826, 829 (1984). We "will not countenance the subversion of the purposes of Rule 48, nor permit its utilization to create a 'mockery of justice . . . by technical evasion . . .' of the rule by either the state or defendant." *Id.* (citations omitted). Here, it was Defendant's failure to meet the conditions of the informal adjustment, instituted at his behest and for his benefit, that delayed the trial. The supreme court has counseled that a defendant "shall not be heard [when] the delays were a direct result of his own act or were the result of a benefit granted to him." *State v. Smith*, 59 Haw. 456, 469, 583 P.2d 337, 345 (1978).

---

[8] Rule 48(c)(1), HRPP (1977), reads as follows:

(c) **Excluded Periods.** The following periods shall be excluded in computing the time for trial commencement:

(1) periods of delay resulting from collateral or other proceedings concerning the defendant, including but not limited to penal irresponsibility examinations and periods during which he is incompetent to stand trial, hearings on pretrial motions, interlocutory appeals and trials of other charges[.]

■■■■■■■■

### b.

In determining whether Defendant's constitutional speedy trial right was violated, we are required to balance the following four factors:

    (1)   the length of the delay;

    (2)   the reason for the delay;

    (3)   Defendant's assertion of his speedy trial rights; and

    (4)   prejudice to Defendant by the delay.

*Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *State v. Almeida*, 54 Haw. 443, 509 P.2d 549 (1973). The delay in this case was at Defendant's behest and for his benefit, and he has not indicated how he was prejudiced by it. Also, in the light of the reasons for the delay, its length was not inappropriate. In these circumstances, Defendant's constitutional right to a speedy trial was not violated.

### 2.

Defendant was arrested within his home by Honolulu Police Officer Reginald Manoa (Officer Manoa), who arrived at the scene in response to a phone call made to police dispatch that "a male was beating up a female." Officer Manoa spoke first to Defendant who, apparently intoxicated, was sitting in his car. Defendant did not respond to Officer Manoa's questions, so Officer Manoa went over to speak to Christina, who was "hiding" on the side of the house, away from Defendant's view. While Officer Manoa was speaking to Christina, Defendant went into the house.

Officer Manoa testified to the substance of his conversation with Christina as follows:

    Q    What then did she say to you?

    A    First of all, she wanted me to tell her husband that she was not the one that called the police and I asked

her why did she request that and she told me that she didn't want her husband to beat her again.

And I asked her if she had been beaten. She was also holding the back of her head with one hand. She—she showed me a bruise on one of her arms and said that was from her husband.

And she showed me a lump on the back of her—her head the size of a golf ball and I also noticed that both of her knees were skinned.

So, I asked her how this—how she obtained these injuries and she told me that her husband had threw [sic] her out of the house down the front steps of the residence.

Detective Elliot Ke, who assisted Officer Manoa at the scene, also testified that he saw Christina's injuries, and that Christina told Officer Manoa she "was thrown out from the house" and was afraid she would be beaten again if the officers remained.

Officer Manoa then went into the house, informed Defendant what Christina had said, advised him of his constitutional rights, and arrested him. Defendant, in turn, demanded that Officer Manoa obtain an arrest warrant.

Based upon his observations of Christina's actions, her apparent injuries, and her statements to him, Officer Manoa had probable cause to arrest Defendant. *State v. Crowder*, 1 Haw. App. 60, 613 P.2d 909 (1980); HRS § 709–906(2) (1985). [9] However, Defendant's arrest within his home was illegal, absent exigent circumstances. *State v. Lloyd*, 61 Haw. 505, 606 P.2d 913 (1980).

Defendant correctly contends that, if his arrest was illegal, any evidence recovered incident thereto should have been

---

[9] HRS § 709–906(2) (1985) reads as follows:

(2) Any police officer may, with or without a warrant, arrest a person if the officer has reasonable grounds to believe that the person is physically abusing, or has physically abused, a family or household member, and that the person arrested is guilty thereof.

suppressed. [10] He further argues that the determination of illegality should be made by the trial court. Therefore, he asserts, this matter should be remanded to allow the trial court to determine if there were exigent circumstances to justify the arrest and whether the arrest led to the recovery of any evidence. The argument is without merit.

Contrary to the assertions in Defendant's opening brief, the transcript clearly shows that no evidence, physical or testimonial, was recovered incident to the arrest. The only evidence in the trial was oral testimony from the police, Christina, and Christina's neighbor.

3.

Defendant argues that trial counsel should have objected to Officer Manoa's testimony as to Christina's hearsay statements. However, Christina's statements were excited utterances admissible under the exception to the hearsay rule provided by Rule 803(b)(2), Hawaii Rules of Evidence (HRE) (1981). [11]

Officer Manoa testified that when he arrived Christina was crying and was visibly upset. Christina's condition indicates that the alleged offense had occurred a short time before Officer Manoa arrived, and Christina was still "under the stress of excitement caused by the event[.]" *Id.*

---

[10] The illegal arrest does not prohibit the prosecution. *State v. Furuyama*, 64 Haw. 109, 637 P.2d 1095 (1981).

[11] Rule 803(b)(2), Hawaii Rules of Evidence (1981) reads as follows:

(b) Other exceptions.

* * *

(2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

4.

Defendant argues that trial counsel should have demanded a hearing on the identity of the person whose phone call had summoned the police to the scene. We disagree. When defense counsel attempted to obtain the caller's identity from Officer Manoa, Officer Manoa testified that the caller had requested anonymity. The trial court would not permit the disclosure. In support of his argument, Defendant cites *State v. Swafford*, 68 Haw. 653, 729 P.2d 385 (1986), and the following provisions of Rule 510, HRE:

> **Identity of informer.** (a) Rule of privilege. The government or a state or subdivision thereof has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of law to a law enforcement officer or member of a legislative committee or its staff conducting an investigation.
>
>          * * *
>
> (c) Exceptions.
>
>          * * *
>
> (2) Testimony on merits. If it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case . . . and the government invokes the privilege, the judge shall give the government an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony.

"[T]he rule against disclosure of an informant's identity is well–established and is necessary to protect those who provide information to the police." *State v. Emmsley*, 3 Haw. App. 459, 470, 652 P.2d 1148, 1156 (1982). Whether an informant must be

identified by the police is judged on a case–by–case basis, considering the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. *Id.* at 471, 652 P.2d at 1156.

Defendant does not indicate in the briefs why the anonymous caller's testimony was "necessary to a fair determination of the issue of [his] guilt or innocence[,]" Rule 510(c)(2), *supra*, and our examination of the record convinces us that it was not necessary. It follows that a demand for a hearing was not warranted. *Cf. State v. Swafford, supra.*

## CONCLUSION

As the above discussion indicates, the record does not substantiate Defendant's allegations of trial counsel error. They do not indicate a lack of "skill, judgment or diligence" that resulted in the "withdrawal or substantial impairment of a potentially meritorious defense." *State v. Antone*, 62 Haw. 346, 348–49, 615 P.2d 101, 104 (1980).

Additionally, the alleged errors, which trial counsel allegedly failed to bring to the trial court's attention, did not affect Defendant's substantial rights and were not plain error.

Affirmed.

*Willard J. Peterson* (Peterson & Esser, of counsel) for defendant–appellant.

*Vickie L. Silberstein*, Deputy Prosecuting Attorney, City and County of Honolulu, for plaintiff–appellee.