**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000361
24-APR-2020
01:45 PM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---oOo---

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
COREY THOMPSON, Defendant-Appellee

NO. CAAP-17-0000361

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-CR NO. 16-1-0320K)

APRIL 24, 2020

LEONARD, PRESIDING JUDGE, AND CHAN AND WADSWORTH, JJ.

OPINION OF THE COURT BY WADSWORTH, J.

Plaintiff-Appellant State of Hawaiʻi (**State**) filed a criminal complaint charging Defendant-Appellee Corey Thompson (**Thompson**) with Abuse of Family or Household Member, in violation of HRS § 709-906(1)[1] (**Complaint**). Thompson was summoned to appear before the Family Court of the Third Circuit (**Family Court**) to answer the charge. Following Thompson's appearance and a subsequent motion, the Family Court dismissed the Complaint without prejudice on the grounds that: (1) the Complaint was not

---

[1] HRS § 709-906(1) (Supp. 2015) provides, in relevant part:

It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member . . . .

signed by the complainant under oath or made by declaration in accordance with the rules of court, in violation of Hawaii Revised Statutes (**HRS**) § 805-1;[2/] (2) no affidavit in support of the Complaint was provided to Thompson at the time of his arraignment, in violation of Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 5(b)(1);[3/] and (3) a penal summons was issued to Thompson based upon a defective complaint and without a probable

---

[2/]   HRS § 805-1 (2014) provides:

> **Complaint; form of warrant.** When a complaint is made to any prosecuting officer of the commission of any offense, the prosecuting officer shall examine the complainant, shall reduce the substance of the complaint to writing, and shall cause the complaint to be subscribed by the complainant under oath, which the prosecuting officer is hereby authorized to administer, or the complaint shall be made by declaration in accordance with the rules of court. If the original complaint results from the issuance of a traffic summons or a citation in lieu of an arrest pursuant to section 803-6, by a police officer, the oath may be administered by any police officer whose name has been submitted to the prosecuting officer and who has been designated by the chief of police to administer the oath, or the complaint may be submitted by declaration in accordance with the rules of court. Upon presentation of the written complaint to the judge in whose circuit the offense allegedly has been committed, the judge shall issue a warrant, reciting the complaint and requiring the sheriff, or other officer to whom it is directed, except as provided in section 805-3, to arrest the accused and to bring the accused before the judge to be dealt with according to law; and in the same warrant the judge may require the officer to summon such witnesses as are named in the warrant to appear and give evidence at the trial. The warrant may be in the form established by the usage and practice of the issuing court.

[3/]   HRPP Rule 5(b)(1) provides, in relevant part:

> ARRAIGNMENT. In the district court, if the offense charged against the defendant is other than a felony, the complaint shall be filed and proceedings shall be had in accordance with this section (b). A copy of the complaint, including any affidavits in support thereof, and a copy of the appropriate order, if any, shall be furnished to the defendant. . . . When the offense is charged by complaint, arraignment shall be in open court, or by video conference when permitted by Rule 43. The arraignment shall consist of the reading of the complaint to the defendant and calling upon the defendant to plead thereto. . . . The defendant may waive the reading of the complaint . . . at arraignment . . . . In addition to the requirements of Rule 10(e), the court shall, in appropriate cases, inform the defendant of the right to jury trial in the circuit court and that the defendant may elect to be tried without a jury in the district court.

cause affidavit, in violation of HRPP Rule 9(a).[4]

The State appeals from the Family Court's "Findings of Fact/Conclusions of Law Granting Defendant's Motion to Dismiss for Penal Summons Issued Absent Probable Cause Affidavit, Complaint Lacking Supporting Affidavit, and Improper Arraignment" (**FOFs/COLs**), entered on April 17, 2017.[5]  The State contends that the Family Court erred in dismissing the Complaint on the stated grounds.  The State argues that:  (1) the Complaint complied with HRS § 805-1 and HRPP Rule 7(d)[6] because it was signed by the prosecutor; (2) an affidavit in support of the Complaint was not required under HRPP Rule 5(b)(1); and (3) a sworn complaint or affidavit showing probable cause that Thompson

---

[4]    HRPP Rule 9(a) provides, in relevant part:

> **(a)  Methods.**
>
> (1)  SUMMONS.  Upon request of the prosecutor, the clerk shall issue a summons for a defendant named:
>
> (i)  in the complaint[.]
>
> . . . .
>
> (2)  WARRANT.  The court may order issuance of a warrant instead of a summons upon request of the prosecutor; provided, however, that no warrant may issue:
>
> (i)  Upon a complaint unless it appears from the sworn complaint, or from affidavit(s) or declaration(s) filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it[.]
>
> . . . .
>
> (5)  FAILURE TO APPEAR.  If a defendant fails to appear in response to a summons, a warrant may issue.

[5]    The Honorable Ronald Ibarra presided.

[6]    HRPP Rule 7(d) provides, in relevant part:

> **Nature and contents.**  The charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged. . . .  A complaint shall be signed by the prosecutor.  The charge need not contain a formal conclusion or any other matter not necessary to such statement. . . .  Formal defects . . . shall not be ground for dismissal of the charge or for reversal of a conviction if the defect did not prejudice the defendant.

had committed an offense was not required for the issuance of a penal summons under HRPP Rule 9(a).

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the State's contentions as follows and vacate and remand.

## I.   RELEVANT BACKGROUND

On November 23, 2016, the State filed the Complaint, which was signed by the deputy prosecuting attorney.  On the same date, the clerk of the Family Court issued a Penal Summons, commanding Thompson to appear at the Kona District Court on January 11, 2017, to answer the charge.

On January 11, 2017, Thompson appeared in the district family court, acknowledged receipt of the Complaint, and waived an oral reading of the charge.  Thompson entered a not-guilty plea and demanded a jury trial.  On January 12, 2017, the matter was transferred to the circuit court for further proceedings.

On March 2, 2017, Thompson filed a "Motion to Dismiss for Penal Summons Issued Absent Probable Cause Affidavit, Complaint Lacking Supporting Affidavit, and Improper Arraignment" (**Motion to Dismiss**).  The State filed its opposition to the Motion to Dismiss on March 7, 2017.  A hearing on the motion was held on April 3, 2017.

On April 17, 2017, the Family Court issued the FOFs/COLs granting the Motion to Dismiss on the grounds described above.

## II.   DISCUSSION

### A.   Compliance with HRS § 805-1 and HRPP Rule 7(d)

The State contends that the Family Court erred in concluding that the Complaint was fatally defective under HRS § 805-1 because it was not signed by the complainant under oath or made by declaration in accordance with the rules of court. The State argues that the Complaint complied with HRS § 805-1 and HRPP Rule 7(d) because it was signed by the prosecutor.

4

HRS § 805-1 provides, in relevant part:

> When a complaint is made to any prosecuting officer of the commission of any offense, the prosecuting officer shall examine the complainant, shall reduce the substance of the complaint to writing, and shall cause the complaint to be subscribed by the complainant under oath, which the prosecuting officer is hereby authorized to administer, <u>or the complaint shall be made by declaration in accordance with the rules of court. . . . Upon presentation of the written complaint to the judge in whose circuit the offense allegedly has been committed, the judge shall issue a warrant . . . to arrest the accused</u> and to bring the accused before the judge to be dealt with according to law[.]

(Emphasis added.)

Thompson argues, and the Family Court ruled, that under HRS § 805-1, the Complaint had to be signed by the complainant under oath or made by declaration according to applicable court rules. It is undisputed that the Complaint was not signed by the complainant under oath. The parties dispute, however, whether the Complaint was "made by declaration in accordance with the rules of court." HRS § 805-1. We will address that dispute first, and then turn to the underlying issue of whether the absence of the complainant's signature under oath or a declaration made under applicable court rules rendered the Complaint fatally defective for the purpose of initiating and maintaining the prosecution against Thompson.

Hawaiʻi Family Court Rules Rule 81(c) states that "[c]ases for adults charged with the commission of a crime coming within the jurisdiction of the family courts shall be governed by the [HRPP]." Accordingly, here, the HRPP govern the initiation of the charge against Thompson and are the applicable "rules of court" for the purpose of making a complaint "by declaration" under HRS § 805-1. It appears, however, there is no provision of the HRPP that specifically addresses making a complaint "by declaration."

The State urges us to apply HRPP Rule 7(d), which provides, in relevant part:

> The charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged. . . . <u>A complaint shall be signed by the prosecutor</u>. The charge need not contain a formal

> conclusion or any other matter not necessary to such
> statement.

(Emphasis added.) While the rule makes no specific reference to a "declaration" under HRS § 805-1, the State argues that the phrase "declaration in accordance with the rules of court" is ambiguous, and HRPP Rule 7 "is specific and on point with regards to what is required to be in a complaint." The State further argues that, because the Complaint here was signed by the prosecutor in accordance with HRPP Rule 7(d), it sufficed as a "complaint . . . made by declaration" under HRS § 805-1.

Thompson, on the other hand, contends that HRS § 805-1 is "designed to prevent the institution of criminal prosecutions based on false or frivolous charges."[7] To achieve this objective, Thompson contends, Section 805-1 requires that: (1) "the charges be reduced to writing," and (2) "the civilian or police complainant verify the allegations of the written charge by oath or declaration." Thompson argues that various court rules, including HRPP Rule 47(d) and Hawaiʻi Rules of Appellate Procedure Rule 52, define and set out the requirements for a "declaration in lieu of affidavit," and the Complaint did not comply with those requirements. The State points out that Rule 47 concerns motions, and argues that "[t]he declaration of HRPP Rule 47 only pertains to motions filed after a case has been initiated," i.e., it does not govern making a complaint by declaration under HRS § 805-1.

We recognize that the phrase "or the complaint shall be made by declaration in accordance with the rules of court" is not a model of clarity in this context. HRS § 805-1 does not identify the rule of court that must be followed in making a complaint "by declaration," and the HRPP do not include a rule that specifically addresses making a complaint "by declaration." Given this ambiguity, we look to the legislative history of this provision to determine legislative intent. See State v. Ruggiero, 114 Hawaiʻi 227, 231-32, 160 P.3d 703, 707-08 (2007).

---

[7] We note that Thompson offers no authority or other support for this assertion.

The legislature amended HRS § 805-1 in 2007, adding the phrase at issue and further revising the text as follows, with deletions indicated in brackets and additions denoted with underlines:

> "**§ 805-1 Complaint; form of warrant**. When a complaint is made to any prosecuting officer of the commission of any offense, the prosecuting officer shall examine the complainant, shall reduce the substance of the complaint to writing, and shall cause the [same] complaint to be subscribed by the complainant under oath, which the prosecuting officer is hereby authorized to administer[.], or the complaint shall be made by declaration in accordance with the rules of court. If the original complaint results from the issuance of a traffic summons or a citation in lieu of an arrest pursuant to section 803-6, by a police officer, the oath may be administered by any police officer whose name has been submitted to the prosecuting officer and who has been designated by the chief of police to administer the oath[.], or the complaint may be submitted by declaration in accordance with the rules of court. Upon presentation of the written complaint to the judge [within] in whose circuit the offense [is alleged to have] allegedly has been committed, the judge shall issue a warrant, reciting the complaint and requiring the sheriff, or other officer to whom it is directed [(except as provided in section 805-3), forthwith], except as provided in section 805-3, to arrest the accused and to bring the accused before the judge to be dealt with according to law; and in the same warrant the judge may require the officer to summon such witnesses as are named [therein] in the warrant to appear and give evidence at the trial. The warrant may be in the form established by the usage and practice of the issuing court."

2007 Haw. Sess. Laws Act 13, § 2 at 27-28.

The Senate Committee on Judiciary and Labor (**Committee**) reported that the purpose of the revision was "to authorize the verification of arrest citations and traffic crime complaints by declaration in accordance with the court rules." S. Stand. Comm. Rep. No. 1194, in 2007 Senate Journal, at 1557-58 (emphasis added). The Committee also found:

> [A]llowing the use of declarations in lieu of affidavits for arrest citations and traffic crime complaints is consistent with current rules of the court, and would not harm the offender's right to challenge the veracity of the officer. In addition, the use of declarations would allow for more timely processing of citations and complaints, and would save space on citation forms.

Id. (emphasis added).

Testimony presented by the Judiciary explained the purpose of the revision as follows:

> House Bill No. 1204 would also authorize an alternative form for verification of arrest citations and traffic crime complaints by allowing the issuing or complaining officer to

> verify the citation or complaint by declaration.
> Declarations in lieu of affidavits are authorized by court
> rules. Allowing the use of declarations for arrest
> citations and traffic crime complaints would not harm the
> offender's right to challenge the veracity of the officer,
> and allows for a more timely processing of citations and
> complaints. In addition, use of declarations would save
> space on citation forms that are filled with other
> information.

Judiciary, Testimony to the House Committee on Judiciary on H.B. 1204, 24th Leg., Reg. Sess. (Feb. 1, 2007) (Hon. Corinne Watanabe, Intermediate Court of Appeals) (emphasis added).

Based on this legislative history, it appears that the legislature revised the second sentence of Section 805-1 to authorize an alternative form of "verification" for arrest citations and traffic crime complaints by allowing issuing or complaining police officers to use "declarations in lieu of affidavits" "consistent with" court rules. It is not entirely clear why similar language was added to the first sentence of Section 805-1, authorizing complaints that are made to prosecuting officers to be "made by declaration." It is also not evident who is authorized to make such a declaration. Nonetheless, it would appear, based on the legislative history, and assuming that the legislature intended for the same words to have the same meaning in consecutive sentences of the same section, that the reference to "declaration" in the first sentence of Section 805-1 means a "declaration in lieu of affidavit" "consistent with" court rules.

Here, that construction would mean, as Thompson argues, that Section 805-1 required the Complaint to be signed by the complainant under oath or made by declaration in lieu of affidavit consistent with HRPP Rule 47(d). Regardless of who may have been authorized to make such a declaration in this case, it is undisputed that no such declaration accompanied the Complaint.

That is not the end of our analysis, however, as the State also contends that strict compliance with HRS § 805-1 was not a prerequisite to initiating and maintaining the prosecution against Thompson. The penultimate sentence of Section 805-1 states: "Upon presentation of the written complaint to the judge in whose circuit the offense allegedly has been committed, the

8

judge shall issue a warrant . . . to arrest the accused and to bring the accused before the judge to be dealt with according to law[.]"  In a similar vein, HRPP Rule 9(a)(2) states that "no warrant shall issue . . . [u]pon a complaint unless it appears from the sworn complaint, or from affidavit(s) or declarations(s) filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it[.]"  Thus, consistent with the language of HRS § 805-1, a sworn complaint, or a complaint accompanied by an affidavit or declaration, establishing probable cause is a prerequisite to the issuance of a valid arrest warrant.  See Territory v. Williams, 41 Haw. 348, 353 (Haw. Terr. 1956) (analyzing predecessor statute to HRS § 805-1[8/] and affirming that "a complaint subscribed under oath is a prerequisite to the issuance of a valid warrant of arrest") (citing Territory v. Mix, 41 Haw. 163, 165 (Haw. Terr. 1955)).

It does not necessarily follow, however, that the absence of a sworn complaint or supporting declaration rendered the Complaint here fatally defective for the purpose of initiating and maintaining the prosecution against Thompson.  See Williams, 41 Haw. at 356 (ruling that predecessor statute to HRS § 805-1 "provide[d] only for the issuance of a complaint as the basis of a warrant of arrest" and concluding that Hawaiʻi law did not mandate an oath as a prerequisite to criminal proceedings in the district court or a court of record).  HRPP Rule 7(d) governs the nature and contents of the charge that initiates a criminal case.  See State v. Knoeppel, 71 Haw. 168, 170, 785 P.2d 1321, 1322 (1990).  While that rule states that "[a] complaint shall be

---

[8/] Revised Laws of Hawaii § 10770 (1945) stated, in relevant part:

> **Complaint; form of warrant.**  Upon complaint made to any prosecuting officer of the commission of any offense, he shall examine the complainant, shall reduce the substance of the complaint to writing and cause the same to be subscribed by the complainant under oath, which he is hereby authorized to administer. Upon presentation of the written complaint to the magistrate within whose district the offense is alleged to have been committed such magistrate shall issue his warrant, reciting the complaint and requiring the high sheriff, or other officer to whom it is directed . . ., forthwith to arrest the accused and bring him before the magistrate to be dealt with according to law[.]

signed by the prosecutor[,]" it does not require that a complaint be signed by the complainant under oath or accompanied by a supporting declaration.  Indeed, prior to July 1, 2008, Rule 7(d) expressly allowed for a complaint to be "sworn to or affirmed in writing before the prosecutor by the complaining witness," as long as the complaint was also signed by the prosecutor,[9] but the supreme court deleted that language in amendments to the rule.  See In re Amendment of the [HRPP], Order Concerning Rules 5(b)(1) and 7(a), 7(d), and 7(h) of the [HRPP] (Haw. Dec. 17, 2007) (amendments effective July 1, 2008).  At the time the Complaint was filed, Rule 7(d) required merely that the prosecutor sign a complaint.

In Knoeppel, the supreme court applied the then-current version of HRPP Rule 7(d) to a complaint that charged the defendant with abuse of a family or household member, in violation of HRS § 709-906.  71 Haw. at 169-70, 785 P.2d at 1321-22.  The complaint had been signed by the arresting police officer, but not by the prosecutor.  The court ruled that the plain and unambiguous language of then-Rule 7(d) "mandate[d] that a criminal complaint . . . be:  1) signed by the prosecutor; or 2) sworn to or affirmed in writing before the prosecutor by the complaining witness and be signed by the prosecutor."  Id. at 170, 785 P.2d at 1322 (emphasis added).  Notably, the court did not read Rule 7(d) as requiring that the complaint be sworn to or affirmed in writing by the complainant.  Rather, the court

_____

[9]     Prior to July 1, 2008, Rule 7(d) provided, in relevant part:

> The charge shall be a plain, concise and definite written statement of the essential facts constituting the offense charged[.] . . . A complaint shall be signed by the prosecutor, or it shall be sworn to or affirmed in writing before the prosecutor by the complaining witness and be signed by the prosecutor; except that a complaint alleging a traffic offense may be sworn to or affirmed by a police officer before another police officer as provided by law and need not be signed by the prosecutor.  The charge need not contain a formal conclusion or any other matter not necessary to such statement. . . . .

See In re Amendment of the [HRPP], Order Amending Rules 5(b)(1) and 7(d) of the [HRPP] (Haw. Nov. 17, 2000).

concluded that it was the absence of the <u>prosecutor's</u> signature that rendered the complaint fatally defective.  <u>Id.</u>

Here, the Complaint that charged Thompson with abuse of a family or household member was signed by the prosecutor in compliance with the current version of HRPP Rule 7(b).  The Complaint was not a basis for issuance of an arrest warrant under HRS § 805-1 or HRPP Rule 9(b).  Rather, Thompson appeared in the district family court pursuant to a lawful penal summons (<u>see infra</u> Section C) and was not arrested.  Under these circumstances, the court's reasoning in <u>Knoeppel</u> leads us to conclude that the Complaint satisfied Hawaiʻi law for the purpose of initiating and maintaining the prosecution against Thompson. Accordingly, we conclude that the Family Court erred in dismissing the Complaint on the ground that it was neither signed by the complainant under oath nor made by declaration in accordance with the rules of court.[10]

## B.    Compliance with HRPP Rule 5(b)(1)

The State contends that the Family Court erred in concluding that Thompson's arraignment was defective under HRPP Rule 5(b)(1) because no affidavit in support of the Complaint was provided to Thompson at the time of his arraignment.  The State argues that Rule 5(b)(1) does not require furnishing such an affidavit to the defendant.

HRPP Rule 5(b)(1) governs the defendant's arraignment where the charged offense is not a felony.  The rule provides, in relevant part:

> A copy of the complaint, including <u>any affidavits</u> in support thereof, and a copy of the appropriate order, if any, shall be furnished to the defendant. . . . When the offense is charged by complaint, arraignment shall be in open court, or by video conference when permitted by Rule 43.  The arraignment shall consist of the reading of the complaint to the defendant and calling upon the defendant to plead thereto. . . . The

---

[10] The Family Court also erred in concluding that HRS § 805-1 was "patterned after" Fed. R. Crim. P. Rules 3 and 4.  It appears that the earliest predecessor statutes to HRS § 805-1 were enacted <u>before</u> the original 1946 effective date of the Federal Rules of Criminal Procedure.  <u>See</u> <u>Williams</u>, 41 Haw. at 355.  The language of HRS § 805-1 also differs from that of Fed. R. Crim. P. Rules 3 and 4 in important respects.

> defendant may waive the reading of the complaint . . . at arraignment[.]

HRPP Rule 5(b)(1) (emphasis added).

We have already concluded that Hawaiʻi law did not require that the Complaint be signed under oath by the complainant or accompanied by a supporting declaration solely for the purpose of initiating the prosecution against Thompson. The plain and unambiguous language of Rule 5(b)(1), which requires only that <u>any</u> affidavits in support of the complaint be furnished to the defendant, further supports our conclusion.[11]

In contrast, under HRPP Rule 9(a)(2), an arrest warrant may not be issued upon a complaint, "unless it appears from the sworn complaint, or from affidavit(s) or declaration(s) filed with the complaint," that there is probable cause to believe that the defendant has committed an offense.

Here, Thompson appeared in the district family court pursuant to a penal summons, acknowledged receipt of the Complaint, and waived an oral reading of the charge. The Complaint was not the basis for an arrest warrant, and no arrest warrant was issued. Under these circumstances, HRPP Rule 5(b)(1) did not require the State to furnish Thompson with an affidavit in support of the Complaint. Accordingly, we conclude that the Family Court erred in dismissing the Complaint on the ground that no supporting affidavit was provided to Thompson at the time of his arraignment.

## C.    Compliance with HRPP Rule 9(a)

The State contends that the Family Court erred in concluding that a penal summons was issued to Thompson based upon

---

[11]    HRPP Rule 5(c)(1), which governs the initial appearance of a defendant charged with a felony, similarly provides:

> At the initial appearance the court shall, in addition to the requirements under Rule 10(e), furnish the defendant with a copy of the complaint and affidavits in support thereof, <u>if any</u>, together with a copy of the appropriate order of judicial determination of probable cause, if any, and inform the defendant of the right to a preliminary hearing.

(Emphasis added.)

12

a defective complaint and without a probable cause affidavit, in violation of HRPP Rule 9(a). The State argues that Rule 9(a) treats a penal summons differently than an arrest warrant, and that a sworn complaint or affidavit showing probable cause that Thompson had committed an offense was not required for the issuance of a valid penal summons.

HRPP Rule 9(a) prescribes two different methods for obtaining the appearance of a defendant in a criminal case: a summons and an arrest warrant. Rule 9(a)(1) states, in relevant part, that "[u]pon request of the prosecutor, the clerk shall issue a summons for a defendant named . . . in the complaint[.]" Rule 9(a)(2) states that "[t]he court may order issuance of a warrant <u>instead of a summons</u> upon request of the prosecutor[,]" provided that no warrant may issue upon a complaint "unless it appears from the sworn complaint, or from affidavit(s) or declaration(s) filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it[.]" (Emphasis added.) The plain and unambiguous language of Rule 9(a) thus distinguishes between a penal summons and an arrest warrant, requiring a probable cause showing for issuance of a warrant, but not for issuance of a penal summons.

Under the Fourth Amendment, a showing of probable cause is required only when a defendant is to be subjected to an extended pretrial restraint of liberty following arrest. <u>See Gerstein v. Pugh</u>, 420 U.S. 103, 114, 125 n.26 (1975);[12/] <u>see also United States v. Yellow Freight System, Inc.</u>, 637 F.2d 1248, 1252 (9th Cir. 1980) (absent arrest or some other restraint on a defendant's liberty, a prosecution may be maintained without any

---

[12/] In <u>Gerstein</u>, the Court held that the due process clause of the Fourth Amendment requires a prompt determination of "probable cause to believe the suspect has committed a crime" before a suspect can be detained for an extended time. 420 U.S. at 120. In <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44, 56 (1991), the Court held that "[t]aking into account the competing interests articulated in <u>Gerstein</u>, we believe that a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of <u>Gerstein</u>." Hawaiʻi provides such determinations in non-felony cases under HRPP Rule 5(b)(2).

finding of probable cause). Here, the penal summons subjected Thompson to no such restraint on his liberty and was thus proper.

In concluding that the issuance of a penal summons requires a probable cause showing, the Family Court wrongly relied on United States v. Millican, 600 F.2d 273, 277 (5th Cir. 1979). There, the Fifth Circuit, construing the then-effective version of Rule 9(a) of the Federal Rules of Criminal Procedure, stated that even absent pretrial arrest or detention, a probable cause determination should be made on the request of a defendant who responds to a summons. Id. Here, however, Thompson did not ask for a probable cause determination. Moreover, Millican and Gerstein make clear that a probable cause determination is not a constitutional prerequisite to a charging decision, i.e., to the filing of the Complaint. See Millican, 600 F.2d at 276; Gerstein, 420 U.S. at 125 n.26. In addition, the version of Fed. R. Crim. P. Rule 9(a) that the Millican court considered differs from HRPP Rule 9(a) in important respects. Most notably, the final sentence of the federal Rule 9(a) provided that if a defendant failed to appear in response to a summons, a warrant "shall issue." This language created the possibility that a summons could be issued on an information not supported by oath, and a warrant then issued for failure to appear in response to the summons, the end result being that the defendant could be arrested on warrant without a probable cause showing. See Millican, 600 F.2d at 277. In contrast, HRPP Rule 9(a)(5) provides that if a defendant fails to appear in response to a summons, a warrant "may issue," and HRPP Rule 9(a)(2) makes clear that a warrant may not issue upon a complaint or information without a probable cause showing. Millican is therefore inapposite.

Accordingly, we conclude that the Family Court erred in dismissing the Complaint on the ground that a penal summons was issued to Thompson in violation of HRPP Rule 9(a). Based on this record, the Complaint was not defective and the penal summons was properly issued.

## III.  CONCLUSION

For these reasons, we vacate the "Findings of Fact/Conclusions of Law Granting Defendant's Motion to Dismiss for Penal Summons Issued Absent Probable Cause Affidavit, Complaint Lacking Supporting Affidavit, and Improper Arraignment," entered on April 17, 2017, in the Family Court of the Third Circuit.  This case is remanded to the Family Court for further proceedings.

On the briefs:

Charles E. Murray, III.,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellant

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellee

/s/ Katherine G. Leonard

/s/ Derrick H.M. Chan

/s/ Clyde J. Wadsworth