In the Matter of MIROFLEX PRODUCTS COMPANY, INC., Petitioner. MARTIN J. ROSENTHAL et al., Respondents.

Supreme Court, Special Term, New York County, March 31, 1948.

*Samuel Duker* for petitioner.

*Max H. Frankle* for respondents.

EDER, J.   Motion to stay trial of Municipal Court action pending arbitration, is granted.   The petitioner contends that a wage dispute exists concerning the respondent Rosenthal; respondents assert the converse.

Under the terms of the agreement of June 11, 1946, between the petitioner and the respondent union, on behalf of itself and its members, section 11 thereof, an arbitration body was established, known as the "Adjustment Board", and by subdivision (b) thereof it is provided that the board shall be composed of five members, two of whom shall be appointed by the union and two by the employers' association or the employer and the fifth member is to be the chairman who shall be selected by the joint consent of the union and the association or the employer or in the event of inability to agree as to the fifth member, such member is to be designated by the State Board of Mediation.

Subdivision (g) of said section 11 provides: "The Adjustment Board in addition to all matters herein expressly provided for, which may be submitted, shall have the power to hear and determine all questions that may arise with respect to the interpretation or application of any of the provisions hereof or with respect to *any* of the relations between the Union or any of its members and the Association or the employer or with respect to *any* other matter germane to the subject matter of this agreement."

It appears that a dispute heretofore arose between petitioner and respondent Rosenthal resulting in his discharge from petitioner's employ; this dispute went to arbitration and was resolved by the arbitrator in Rosenthal's favor.   The arbitrator's award read: "The record in this case does not support a finding that Mr. Martin Rosenthal was discharged ' for cause ' within the meaning of Section Ten of the contract between the parties.   It is the Arbitrator's ruling, therefore, that the Company, upon resumption of business activity in the Cutting Department, offer reinstatement to Mr. Rosenthal in his former position without loss of seniority.   By the agreement of the parties no back pay is involved in this award."

Petitioner alleges it abided by the award, although no motion to confirm it was made, and that upon resumption of business activity called in the said respondent Rosenthal to resume his former position, but advised him that his salary would henceforth be reduced.   This, respondents herein considered a violation of the finding of the arbitrator and they insisted that petitioner adhere to the terms of the contract, and rescind the wage

reduction. This, petitioner refused to do and requested arbitration of the claim of the union. No reply was made on behalf of the respondents and this was followed by a suit brought in the Municipal Court by respondents as plaintiffs and petitioner as defendant to recover wages for the period since the re-employment of respondent Rosenthal at the rate of $65 per week, his rate of earnings prior to the salary reduction, he having refused to accept his weekly wages when offered to him in the reduced sum. Arbitration of the dispute having been refused by respondents, this application results.

The respondents contend there is no basis for arbitration, as by being reinstated to his former position, Rosenthal, by virtue of the arbitrator's award became entitled as a matter of right to the wages he received while in his former position prior to his unjustified discharge by petitioner.

The petitioner contends that the arbitrator did not pass upon the issue of salary and that it could not have been passed upon by the arbitrator as an issue as the only question before him was whether petitioner rightfully discharged Rosenthal " for cause ". The arbitrator's opinion, quoted (*supra*) states this is the sole issue for arbitration.

According to petitioner's claim it had the right, as it interprets the contract, to make such a reduction in salary if it found the work of Rosenthal to be slow. On the other hand, respondents contend this is prohibited by the contract, as they construe and interpret it.

There is thus presented a question arising with respect to the interpretation or application of a provision of the contract — the parties seemingly have reference to subdivisions (a) and (b) of section 7 — and with respect to the relations between the union and one of its members and the petitioner, as employer, with respect to a matter germane to the subject matter of the agreement.

The dispute seems to me to clearly come within the terms of the contract entitling the petitioner to have the dispute submitted to and determined by arbitration.

I regard the application as well founded and the motion is, accordingly, granted. Settle order.