LIFE OF THE LAND, INC., a Hawaii non-profit corporation, and SCOTT NAKAGAWA, individually and on behalf of LIFE OF THE LAND, Appellants, Cross-Appellees, *v.* THE WEST BEACH DEVELOPMENT CORPORATION, Appellee, Cross-Appellant, and THE LAND USE COMMISSION OF THE STATE OF HAWAII, THE DEPARTMENT OF GENERAL PLANNING OF THE CITY AND COUNTY OF HONOLULU, THE DEPARTMENT OF PLANNING AND ECONOMIC DEVELOPMENT OF THE STATE OF HAWAII, THE SHORELINE PROTECTION ALLIANCE, and THE EWA BEACH ALIIS ATHLETIC CLUB, Appellees

NO. 6905

CIVIL NO. 52646

JULY 20, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

## OPINION OF THE COURT BY LUM, J.

In these cross-appeals, we review a circuit court summary judgment granted to the Land Use Commission (Commission) against Life of the Land (LOL) upholding a decision of the Commission denying LOL intervention in a Commission hearing to consider a petition of West Beach Development Corporation (West Beach). West Beach had petitioned the Commission to reclassify the district boundary of lands belonging to West Beach in Ewa, Oahu, from agricultural to urban.

We also review the court's denial of a motion by West Beach to dismiss LOL's appeal to the circuit court on the ground that the appeal was not timely filed. We conclude that the motion for summary judgment was erroneously granted but conclude otherwise as to the motion to dismiss.

Accordingly, we reverse in part and affirm in part.

### I.

On November 3, 1976, West Beach filed a petition with the Commission to reclassify West Beach's lands from agricultural to urban in accordance with the Land Use Commission Act, chapter 205, Hawaii Revised Statutes (HRS).

The Commission published a notice setting February 2, 1977 as the date of the hearing to consider the petition. This notice was published in a newspaper and was in full compliance with the Commission rules.

The record is undisputed that LOL did not file a petition of intervention within 15 days[1] after the notice. However, after publication, the Department of Planning and Economic Development requested additional time to prepare for the hearing. The Commission cancelled the February 2 hearing date and postponed it *indefinitely*.

The Commission thereafter decided on a new hearing date; it published a second public notice setting the new hearing date for April 12, some two months later. The second notice was silent

---

[1] LUC Rule 6-7(2) requires petitions for intervention to be filed "within fifteen (15) days after the notice of hearing is published in the newspaper."

concerning the right to intervene and the right to have counsel present and, therefore, was not in full compliance with Commission's Rule (LUC) 6-6(3).

On March 28, within fifteen days of publication of the second notice, LOL filed its petition to intervene. The Commission orally denied the petition as untimely because it was not filed within fifteen days of the first notice. It wasn't until after the hearings on the West Beach application were completed that the Commission on August 16, 1977 filed a written order denying intervention.

On September 23, 1977, LOL filed its appeal to the circuit court. The court's decision thereafter became the basis for these cross-appeals in which two issues are framed: Whether LOL timely filed for intervention under LUC Rule 6-7(2) and whether LOL timely filed its appeal to the circuit court.

II.

Chapter 205, HRS, establishes the Land Use Commission and defines its substantive and procedural authority. The Commission, like other agencies in government, must comply with the Hawaii Administrative Procedure Act (HAPA), as enacted in HRS chapter 91. *Town v. Land Use Commission,* 55 Haw. 538, 545, 524 P.2d 84, 89 (1974).

Rules and procedures adopted by the Commission under its rule-making authority must ineluctably comport with the requirements of HAPA and chapter 205. In judging the validity of these rules and regulations, the only concern of the court is to ascertain whether the will of the legislature has been obeyed, *Yakus v. United States,* 321 U.S. 414, 425 (1943); such rules and regulations are subject to the same principles of construction as apply to the construction of statutes. *Miller v. United States,* 294 U.S. 435, 439 (1934), *reh. denied,* 294 U.S. 734 (1935).

To carry out the intent of the framers of an administrative rule or regulation, the court should harmonize the various provisions of such rule or regulation and give them effect, if possible, provided this may be done without violating constitutional and statutory provisions. *Falotico v. Clauson,* 192 Misc. 673, 81 N.Y.S.2d 788, 791 (1948).

The position taken by the Commission is that LOL is not entitled to intervene because it failed to file for intervention within fifteen days of the first notice. We believe the answer to this problem can be found only by harmonizing the Commission's rule with the various provisions of the statutory mandates.

LUC Rule 6-7 requires that a petition for intervention be filed "within fifteen (15) days after the notice of hearing is published in the newspaper" with "leave to intervene [to] be freely granted."

Rule 3-1(3)[2] allows a hearing to be postponed or continued after a hearing has begun. Nowhere in the rules is there specific coverage in a case where a hearing is cancelled and postponed indefinitely. In such situation there exists a void in the rules. On the other hand, LUC Rule 1-4(1)(a)[3] requires the Commission to give "public notice of the date, time and place" for a regular, special or rescheduled hearing.

The meaning of "rescheduled hearing" under Rule 1-4(1)(a) is patently ambiguous when applied to the present facts. Therefore, we need to determine whether a hearing rescheduled because it has been indefinitely postponed is a "rescheduled hearing" within the meaning of LUC Rule 1-4(1)(a).

We note that the legislative policy manifested in the pertinent statutory enactments, HAPA and chapter 205, requires a high degree of openness in the conduct of Commission affairs, dictates strict time constraints, encourages broad public participation with intervention to be freely granted, and mandates content requisites and specificity in all notices to the public as to all intended business of the Commission affecting private and public rights. These enactments also exhibit a concern that all procedures for contested hearings be simple and straightforward, free from susceptibility to potential abuse, confusion and misunderstanding.

---

[2] LUC Rule 3-1(3) *Continuance.* The presiding officer may, in his discretion, postpone or continue any hearing.

[3] LUC Rule 1-4(1) *Regular Meetings; Notice.*

(a) All proceedings and meetings except executive meetings, shall be open to the public. The Commission shall give written public notice of the date, time and place of any regular, special or rescheduled meeting. The notice shall include an agenda which lists all the items to be considered at the meeting.

Ergo, we are required to hold that an indefinitely postponed hearing is a "rescheduled hearing" under LUC Rule 1-4(1)(a), and, like a regular or special meeting, a "new notice" is required. The new notice must fully comply with LUC Rule 6-6(3). We ascribe to this conclusion as we believe it supports the policy exhorted by the legislature in its statutory enactments, and we also believe it supports LUC Rule 1-1, which requires that the rules be "construed to secure the just . . . determination of every proceeding."

Since we hold that a new notice is required, we obviously conclude that LOL filed within the 15-day requirement for intervention as prescribed by LUC Rule 6-7(2). The fact that LOL failed to file for intervention following the "first notice" is immaterial.

## III.

We address ourselves to the remaining issue of the timeliness of LOL's appeal to the circuit court.

HRS § 205-4(e)(4) provides that:

A person whose application to intervene is denied may appeal such denial to the circuit court pursuant to Section 91-14 (HRS).

Section 91-14(b) provides that:

[P]roceedings for review shall be instituted in the circuit court within thirty days after the preliminary ruling or within thirty days after service of the certified copy of the final decision and order of the agency, pursuant to the provisions of the Hawaii Rules of Civil Procedure.

Rule 72(a) and (b) of the Hawaii Rules of Civil Procedure states that:

(a) *How Taken.* Where a right of . . . review in a circuit court is allowed by statute, any person adversely affected by the decision, order or action of a governmental official or body other than a court, may appeal from such decision, order or action by filing a notice of appeal in the circuit court having jurisdiction of the matter.

(b) *Time.* The notice of appeal shall be filed in the circuit court within 30 days after the person desiring to appeal is notified of the rendering or entry of the decision or order, or of the action taken, in the manner provided by statute.

The Commission orally denied LOL's petition for intervention on April 5, 1977; there was never a separate written order by the Commission denying the intervention until the hearings were completed, at which time on August 16, 1977, a decision and order was filed which included a statement:

> The Petition to Intervene filed by Life of the Land and Scott R. Nakagawa [Petitioner's attorney] on March 28, 1977, was, after hearing arguments on the Motion, denied by the Commission.

From this singular statement, LOL filed an appeal to the circuit court on September 23, 1977.

Thereupon, West Beach filed a motion to dismiss the appeal, contending that the appeal to the circuit court was untimely. West Beach argued that LOL was required to appeal within thirty days after April 5, the date the Commission orally denied LOL's application for intervention.

The lower court denied the motion. Thus, the issue became joined for us to decide whether LOL was required to file its appeal within thirty days after the April 5 oral decision of the Commission to deny intervention.

Although the denial of intervention by the Commission on April 5 may constitute a "final order" upon which an appeal may be based, *see Gealon v. Keala,* 60 Haw. 513, 591 P.2d 621 (1979), *In re Castle,* 54 Haw. 276, 506 P.2d 1 (1973), the aforementioned statutory enactments are not exclusively controlling over the question of when an appeal must be taken from the Commission's ruling. The Commission rules must also be considered.

Turning to LUC Rule 1-4(6)(a),[4] the Commission by its own rules expressly requires that its decisions be in writing, signed, and are to be effective as of the date of service. We are required to follow the plain sense of the language present in LUC Rule 1-4(6)(a). *Shillaber*

---

[4] 1-4(6) *Decisions and Orders.* All decisions and orders shall be signed by the Commissioners who have heard and examined the evidence in the proceeding. Commission members who have not heard and examined all of the evidence may vote and sign only after the procedures set forth in Section 91-11, HRS, have been complied with.

　(a) Effective Date. Unless otherwise indicated in the order, the effective date of a decision and order shall be the date of service.

*v. Waldo,* 1 Haw. 31, 33 (1847). Oral orders do not meet any of these requirements. We hold that the running of the thirty days limitation did not begin until after the date of service of the duly signed written order upon LOL. However, since LOL was never served the final decision and order of the Commission, the 30-day period never began to run.

Therefore, we conclude that LOL met the requirements of timeliness in filing its appeal to the circuit court.

Other arguments raised by West Beach are without merit.

Accordingly, the decision of the trial court is reversed in part and affirmed in part.

*Scott R. Nakagawa (E. Cooper Brown* and *Stephen I. Okumura* with him on opening brief, *Fukuhara & Nakagawa* of counsel) for appellants, cross-appellees.

*Harry S. Y. Kim* for appellee, cross-appellant The West Beach Development Corporation.

*Benjamin M. Matsubara (Ukishima & Matsubara* of counsel) for appellee Land Use Commission of the State of Hawaii.

Joined in answering briefs of Land Use Commission of the State of Hawaii and West Beach Development Corporation: *Charles A. Viviano,* Deputy Corporation Counsel, for appellee Department of General Planning of the City and County of Honolulu.