STATE OF HAWAII, Plaintiff-Appellee, *v.* CHRISTINE DOYLE, Defendant-Appellant

NO. 7384

D.C. CR. NO. 1979-587

DECEMBER 30, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

*Per Curiam.* The defendant was convicted at a bench trial in the district court of the offense of promoting a detrimental drug in the third degree under HRS § 712-1249. She appeals from the judgment and sentence of the trial court. We affirm.

The only issue[1] which merits this court's consideration is whether the trial court erred in directing that the defendant's motion to suppress and the trial on the merits be heard contemporaneously.

The federal courts have taken the position that pursuant to Rule 12(e) of the Federal Rules of Criminal Procedure, *see United States v.*

---

[1] Based on the record in this case, we conclude that the trial court did not err in denying the defendant's motion to suppress marijuana found in the pocket of a jacket being carried draped over one arm by the defendant. The officer was justified in stopping the defendant for on-the-scene interrogation. According to him, the defendant willingly exposed the contents of the jacket for his inspection at his request. The defendant, on the other hand, testified that he asked her for the jacket and she handed it over to him. When asked why she did so, however, she stated:

A. Because he asked me for the jacket.
Q. And you automatically gave it to him?
A. Yeah, because it wasn't mine anyway.
Q. Well, if you weren't doing anything wrong, why would you give him the jacket?
A. He wanted to search the jacket. I didn't feel . . . I didn't know there was anything in there to hide, so, of course, I gave it to him cause I though I had nothing to hide.

*Thompson,* 558 F.2d 522 (9th Cir. 1977), and Rule 41(e) & (f) of the Federal Rules of Criminal Procedure, *see Evalt v. United States,* 382 F.2d 424 (9th Cir. 1967), the trial court has the discretionary authority to defer hearing and determination of a motion to suppress made before trial until the trial itself. Rule 12(e) of the Federal Rules provides:

> A motion made before trial shall be determined before trial unless the court, for good cause, orders that it be deferred for determination at the trial of the general issue or until after verdict, but no such determination shall be deferred if a party's right to appeal is adversely affected.

On the other hand, Rule 12(e) of the Hawaii Rules of Penal Procedure expressly provides that "a motion to suppress made before trial shall be determined before trial." The reason given for this difference between the Federal and Hawaii rules is to provide the prosecution with the opportunity, prior to trial [and pursuant to HRS § 641-13(7)], to appeal a ruling on the defendant's motion to suppress which is adverse to the State.[2] This court has held, however, that where the parties have stipulated to a joint hearing on the motion to suppress and the trial on the merits, the government will not be foreclosed from exercising its statutory right to appeal from an adverse ruling of the trial court on the motion to suppress. *State v. Texeira,* 62 Haw. 44, 609 P.2d 131 (1980).

Accordingly, we hold that where the trial court at a bench trial expressly advises the parties, for the record, of its intention to hear the motion and the merits contemporaneously and no objection is voiced by either party to the proposed procedure,[3] the trial court may then proceed to hear the issues contemporaneously. The trial court should, however, enter its ruling on the motion to suppress

---

[2] *See* Proposed Draft of the Hawaii Rules of Penal Procedure, Judicial Council of Hawaii (June 1975). Although the Committee commentaries are not authoritative, they are highly persuasive in ascertaining the intention of the framers/revisors of the Rules. In this respect, the Committee commentaries are somewhat analogous to legislative committee reports which accompany statutes. *Cf.* United States v. Mihalopoulos, 228 F. Supp. 994, 1002 (D.C. 1964) (Notes of the Advisory Committee on the Federal Rules of Criminal Procedure while not authoritative, are somewhat analogous to a Congressional Committee Report in determining the intention of the framers of the Rules); 8 Moore's Federal Practice, para. 1.02 at 1-5 (2d ed. 1981).

[3] No objection was made by the defendant to the consolidation in this case.

before finally determining the merits of the charge against the defendant. *Cf. Id.* Moreover, we remind the trial courts that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." H.R.P.P. Rule 12(e).

Affirmed.

*Anne Randolph,* Deputy Public Defender, on the briefs for defendant-appellant.

*Arthur Ripley, Jr.,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.