STATE OF HAWAII, Plaintiff-Appellee, *v.* SAMUEL ROBERT SHIVERS, Defendant-Appellant

NO. 11447

(CRIMINAL NO. 85-0168)

DECEMBER 17, 1986

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Defendant Samuel Robert Shivers (Defendant) appeals his conviction of driving under the influence of intoxicating liquor (DUI) on grounds that the circuit court erred in denying his motion to suppress the Intoxilyzer[1] test result. He claims that since the operator of the Intoxilyzer was unqualified under Chapter 111 of Title 11 of the Hawaii Administrative Rules (Rules),[2] the test result should have been suppressed. We disagree and affirm.

---

[1] The Intoxilyzer is a breath testing instrument used to determine the blood alcohol concentration of a person by the analysis of his breath sample.

[2] Chapter 111 of Title 11 of the Hawaii Administrative Rules was formerly contained in Chapter 47 of the Public Health Regulations.

On September 10, 1985, Police Sergeant William K.C. Ching, Jr. (Ching) conducted the Intoxilyzer test on Defendant who had been arrested for a DUI offense. The test result indicated 0.15 per cent by weight of alcohol in Defendant's blood.[3]

At the commencement of a bench trial in the circuit court,[4] Defendant orally moved to suppress the Intoxilyzer test result, and acceding to Defendant's request the court consolidated the hearing on the motion and the trial on the merits. *See State v. Doyle,* 64 Haw. 229, 638 P.2d 332 (1981). Ching testified that in 1979 he completed a one-day training program in the operation of the Intoxilyzer at the Kauai Community College, although allowing for coffee breaks and a lunch break the actual training period totaled less than eight hours; he was thereafter certified as an operator; he operated the Intoxilyzer in 1979, 1980, and 1981; and he was "recertified" as an Intoxilyzer operator or had his "permit renewed" in June 1985. The circuit court denied Defendant's motion to suppress and found him guilty.

Sections 11-111-4 and 11-111-8 of the Rules provide in part as follows:

§ 11-111-4  *Operator of breath testing instruments.*  An operator of breath testing instruments shall be responsible for the proper performance of analysis of breath samples, proper record keeping, and proper reporting of results.

(1) Any person employed by a county police department, may qualify as an operator by:

(A) Having successfully completed training as specified in this section approved by the department; or

(B) On the effective date of this chapter have not less than one (1) year's experience in the operation of the

---

[3]Hawaii Revised Statutes § 291-5(a) (1985) provides:

In any criminal prosecution for a violation of section 291-4, ten-hundredths per cent or more by weight of alcohol in the defendant's blood within three hours after the time of the alleged violation as shown by chemical analysis or other approved analytical techniques of the defendant's blood or breath shall be competent evidence that the defendant was under the influence of intoxicating liquor at the time of the alleged violation.

[4]At his arraignment in the district court, Defendant demanded a jury trial. Consequently, the case was committed to the circuit court. However, in the circuit court Defendant waived a jury trial.

approved breath testing instrument to be utilized; or

(C) Being able to exhibit through examination and demonstration or both to the department sufficient skill in the operation and interpretation of results of the approved testing instrument to be utilized.

(2) Training programs for an operator shall:

\* \* \*

(B) Consist of a total of eight (8) hours of [certain] subjects[.]

§ 11-111-8   *Permits.*

\* \* \*

(b) The chief of police of the respective county's [sic] shall issue the appropriate permits or renewals to persons who qualify under the applicable provisions of §§ 11-111-3 and 11-111-4 of this chapter.

\* \* \*

(d) Permits shall automatically terminate two (2) years from the date issued unless terminated or revoked prior to such date. All renewal requests shall be submitted as required in § 11-111-8(a) and (b).

Relying on *State v. Nakahara,* 5 Haw. App. 575, 704 P.2d 927 (1985), Defendant contends that since Ching did not receive eight hours of training in 1979, his initial certification as an operator was invalid. In the alternative, Defendant asserts that, if he was validly issued a permit in 1979, it automatically terminated in 1981 under § 11-111-8(d) and the "renewal permit" issued in June 1985 was invalid. Based on our reading of the Rules, we hold that Ching's June 1985 permit was valid and Ching was qualified to operate the Intoxilyzer on September 10, 1985.

Regarding administrative rules and regulations, they "are subject to the same principles of construction as apply to the construction of statutes." *Life of the Land, Inc. v. The West Beach Development Corp.,* 63 Haw. 529, 531, 631 P.2d 588, 590 (1981). A cardinal rule of statutory construction is that "where the language of the law in question is plain and unambiguous, construction by this court is inappropriate and our duty is only to give effect to the law according to its plain and obvious meaning." *Strouss v. Simmons,* 66 Haw. 32, 50, 657 P.2d 1004, 1016

(1982) (quoting *In re Hawaiian Telephone Co.,* 61 Haw. 572, 577-78, 608 P.2d 383, 387 (1980) ). *See also Chun v. Liberty Mutual Insurance Co.,* 5 Haw. App. 290, 687 P.2d 564 (1984).

The effective date of the Rules is November 27, 1981. Section 11-111-4(1) plainly and unambiguously provides that a county police department employee may qualify as an operator of breath testing instruments if he meets one of the three requirements specified in subsections (A), (B), and (C). Subsection (B) states that a person must have "not less than one (1) year's experience in the operation of the approved breath testing instrument to be utilized" as of the effective date of the Rules. Having operated the Intoxilyzer in 1979, 1980, and 1981, Ching met the subsection (B) qualification. Therefore, the issuance of an operator's permit to Ching in June 1985 was valid.

The facts in *Nakahara* do not parallel those in this case. In *Nakahara,* the police officer failed to meet the eight-hour training requirement under subsection (A) and the record did not disclose that he was qualified as an Intoxilyzer operator under subsection (B) or (C).

Contrary to Defendant's contentions, under § 11-111-4(1), whether Ching completed an eight-hour training program[5] or whether he had more than a year's experience after November 27, 1981, is irrelevant since he qualified under subsection (B).

We hold that since Ching was a qualified Intoxilyzer operator with a permit on September 10, 1985, the circuit court properly denied Defendant's motion to suppress the Intoxilyzer test result.

Affirmed.

*Arthur K. Trask, Jr.* for defendant-appellant.

*Alfred B. Castillo, Jr.,* Deputy Prosecuting Attorney (*Peter M. Morimoto,* Deputy Prosecuting Attorney, on the Brief), for plaintiff-appellee.

---

[5]Our disposition of the case does not require our answering the question whether Ching qualified under § 11-111-4(1)(A).