**STATE OF HAWAII**, Plaintiff–Appellee, v. **DARRYL THOMAS**, Defendant–Appellant

NO. 14526

(CITATION NO. 0275970MH)

and

**STATE OF HAWAII**, Plaintiff–Appellee, v. **KENNETH J. WIMAN**, Defendant–Appellant

NO. 14555

(CITATION NOS. 0295263MH, 0295264MH, 0295265MH, 0295266MH, 0295267MH)

FEBRUARY 11, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY HAYASHI, J.

Defendants–Appellants Darryl Thomas (Thomas) and Kenneth Wiman (Wiman) appeal from the judgment and sentence of the District Court of the Third Circuit entered on May 1, 1990 and April 10, 1990, respectively. Thomas was found guilty of violating Hawaii Revised Statutes (HRS) § 431:10C–104 (Supp. 1989), No No–Fault Insurance. Wiman was convicted of violating 1) HRS § 249–10 (Supp. 1989), Delinquent Motor Vehicle Tax; 2) HRS § 286–25 (1985), Expired Safety Check; 3) HRS § 286–102 (1985), No Motorcycle Operator's License; and 4) HRS

§ 431:10C–104 (Supp. 1989), No No–Fault Insurance. We vacate the judgment of the lower court in both **Thomas** and **Wiman**, and remand both cases for new trials.

## I.
## THOMAS

Thomas was stopped at a seat belt check–point on Route 130 in Keaau, Puna, County of Hawaii on August 10, 1989. Thomas was unable to produce a no–fault insurance card and was issued a citation for the operation of a motor vehicle without no–fault insurance. A bench trial was scheduled for March 28, 1990.

Prior to trial Thomas moved the court for an order suppressing all evidence and statements acquired as a result of the traffic stop on the basis that the stop violated Thomas' rights under the Fourth and Fourteenth Amendments of the United States Constitution and article I, § 7 of the Hawaii State Constitution. The motion was filed on March 23, 1990 and was set for hearing on March 28, 1990. At the hearing, Plaintiff–Appellee State of Hawaii (State) advised the court that it had not received Thomas' motion until March 27, 1990, one day prior to trial, and requested additional time to respond to the motion. The following colloquy then took place between the court and deputy prosecutor:

> [DEPUTY PROSECUTOR:] What I would like to do, your Honor, today in interest of time and because my arresting officer had to drive in from Waimea [on] his day off to appear in court today, we'd like to put him on the stand and make an offer of proof which would go to the substance of the State's case as well as to the substance of the motion. And then I would like to ask [for] an opportunity to consider the issue for at least 24 hours and do a little research before we argue the motion. . . .

THE COURT: Okay. As far as the traffic case goes, we can hear that. We'll hear the motion to suppress and I'll give the State an opportunity to respond in writing after the—in writing after the hearing if they want.

And we'll hear the State's case in the traffic matter as well. This appears to be a simple issue and I can rule on the issue after the State has had an opportunity to respond in writing if they want [to] do that.

Transcript of Proceedings of March 28, 1990 at 7–8. Defense counsel did not object to the procedure.

Officer Albert Dela Cruz, Jr., testified and was cross–examined by defense counsel. At the conclusion of the officer's testimony, the court permitted counsel the opportunity to submit cases regarding the law relative to the motion to suppress. The court stated that "[w]e . . . can hear the remainder of the case on May 1st and you will have until next week Friday to submit cases." Transcript of March 28, 1990 at 25.

On May 1, 1990, after brief argument by counsel, the court denied the motion to suppress and proceeded to trial on the merits. Because the officer was not present, the court asked the State whether it wished to incorporate the testimony previously taken "as part of the case in chief[.]" Transcript of May 1, 1990 at 9. The State thereafter moved to incorporate the testimony which the court granted. Thomas was subsequently convicted by the court.

## WIMAN

Wiman was stopped and issued four traffic citations on September 15, 1989 and the matter was set for bench trial on April 10, 1990. Wiman filed a motion to suppress evidence on February 2, 1990 requesting suppression of all evidence on constitutional

grounds. Hearing on the motion was scheduled but continued to April 10, 1990, the day of trial.

On April 10, after the court acknowledged the motion to suppress, the deputy prosecutor stated:

> [DEPUTY PROSECUTOR]: Your Honor, . . . we're talking about a single witness here this afternoon, . . . and [] to expedite it, we would request that[] . . . you would rule after there's been some testimony . . . .
>
> THE COURT: Okay, we'll do that.

Transcript of April 10, 1990 at 3. Defense counsel responded as follows:

> [DEFENSE COUNSEL]: No objection Your Honor.
>
> I have additional grounds for my motion to suppress that I would like to have an opportunity to argue, either state it now and argue later or argue it at the conclusion of the hearing on the motion, at the Court's preference.
>
> THE COURT: We'll do it at the conclusion.

Transcript of April 10, 1990 at 3–4.

Officer Ed Singson testified and was cross–examined by defense counsel. Following the officer's testimony, the court denied the motion to suppress and proceeded to trial on the merits. Neither the State nor defense counsel had additional questions for the officer. The State rested after introducing two exhibits and did not move to incorporate the officer's prior testimony. After calling Wiman as the sole defense witness, defense counsel renewed the motion to suppress and rested. The court then ruled as follows:

> After having heard the additional evidence, the Court concludes that the motion should be disposed of in the same manner as it was earlier, and so the Court's original decision to deny the motion will be[] . . . sustained . . . .

Transcript of April 10, 1990 at 26. The court subsequently found Wiman guilty as charged.

## II.

Thomas and Wiman argue on appeal that in both cases the lower court failed to comply with Hawaii Rules of Penal Procedure (HRPP) Rule 12(e) by failing to determine the motion to suppress prior to trial. We agree.

HRPP Rule 12(e) states in relevant part:

> **Rule 12. PLEADINGS AND MOTIONS BEFORE TRIAL; DEFENSES AND OBJECTIONS.**
>
> . . . .
>
> **(e) Ruling on Motion.** A motion made before trial shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue or until after verdict; *provided that a motion to suppress made before trial shall be determined before trial*.

In *State v. Rodgers*, 70 Haw. 156, 766 P.2d 675 (1988), we held that failure to decide a motion to suppress prior to trial constitutes reversible error. The only occasion where a court need not decide a motion to suppress prior to trial is where the parties agree to consolidate the hearing on the motion with trial pursuant to our holding in *State v. Doyle*, 64 Haw. 229, 638 P.2d 332 (1981). In *Doyle* we stated that:

> [W]here the trial court at a bench trial expressly advises the parties, for the record, of its intention to hear the motion and the merits contemporaneously and no objection is voiced by either party to the proposed procedure, the trial court may then proceed to hear the issues contemporaneously. The trial court should, however, enter its ruling on the motion to suppress before finally determining the merits of the charge against the defendant.

*Id.* at 231–32, 638 P.2d at 334 (footnote omitted). We remind the lower courts that *Doyle* requires an express statement and agreement by the parties, on the record, where the court intends to hear testimony on the motion and merits contemporaneously. Failure to do so will result in a confused record such as the records before us.

We find the record in both **Thomas** and **Wiman** to be unclear and it is therefore difficult to determine whether HRPP Rule 12(e) was complied with. It is likewise difficult to tell whether the court and parties intended consolidation pursuant to *Doyle* because both records do not contain an express statement by the court setting forth an intention to hear the motion and merits contemporaneously.

Arguably the court in **Wiman** complied with HRPP Rule 12(e) and determined the motion before trial. However, the State's failure to incorporate the officer's testimony raises the issue of whether the motion and trial were the same procedure. Additionally, the court stated that it would hear additional grounds for the motion after argument which appears to have been argument on the merits.

Because the court and parties in both **Thomas** and **Wiman** failed to clearly state on the record that the hearing on the motion and trial testimony were consolidated, we are compelled to vacate the judgment of the lower court in both cases. Obviously the only way a reviewing court can determine whether a lower court has complied with HRPP Rule 12(e) is through review of a clear and unambiguous record.

We note that defense counsel in neither **Thomas** nor **Wiman** objected on the basis of HRPP 12(e) below, but it is our view that both instances constitute plain error and are therefore reviewable. HRPP Rule 52(b).

### III.

Based on the foregoing we vacate the judgment of the lower court in both **Thomas** and **Wiman,** and remand both cases for new trials.

*Theodore Y.H. Chinn*, Deputy Public Defender (*Walter Rodby* and *Scott Saiki*, Defender Interns, assisting on the briefs), for Defendants–Appellants.

*G. Kay Iopa*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.