STATE OF HAWAI`I, Plaintiff-Appellee,
v.
RUFUS DAIGLE, Defendant-Appellant.
No. 28238.
Intermediate Court of Appeals of Hawaii.
December 27, 2007.
On the briefs:
Brian J. De Lima and William B. Heflin for Defendant-Appellant.
Darien W.L.C. Nagata, Deputy Prosecuting Attorney, County of Hawaii, for Plaintiff-Appellee.
SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., NAKAMURA and FUJISE, JJ.
Defendant-Appellant Rufus Daigle (Daigle) appeals from the Judgment of Conviction and Probation Sentence filed in the Circuit Court of the Third Circuit (circuit court) on October 3, 2006.[1]
Daigle was indicted on one count of Sexual Assault in the Third Degree in violation of Hawaii Revised Statutes § 707-731(1) (c) (2001),[2] stemming from a December 29, 2001 incident involving a 15-year-old female complaining witness (CW). After a jury trial, Daigle was found guilty and sentenced to five years of probation, subject to conditions including one year of imprisonment with credit for time served. Daigle was also ordered to pay restitution of $500 to the Crime Victim Compensation Commission Fund, as well as other various fees.
On appeal, Daigle raises the following points of error:
(1) "The Trial Court erred in granting the State's Motion to Allow Evidence that [Daigle] Offered Victim and Witness Alcohol and Marijuana and Bought Victim and Witness Alcohol. This was in violation of Hawaii Rules of Evidence (HRE) Rule 404(b)."
(2) "The State failed to comply with Hawai`i Rules of Penal Procedure (HRPP) Rule 16 in informing [Daigle] prior to the beginning of trial regarding [CW's] assertion that the police had recovered her clothing. This was the primary basis for [Daigle's] Motion for a New Trial which the Trial Court erred in not granting."
(3) "The Trial Court erred in allowing the testimony of Dharma Shay to offer hearsay testimony of [CW] in violation of HRE Rule 803(b)(3) and to improperly describe her demeanor to buttress her testimony."
(4) "There was insufficient evidence to find [Daigle] guilty of the charges in this case. This was the basis for the Motion for a Judgement [sic] of Acquittal, made both orally and in writing which the trial court erred in not granting.
After a careful review of the record and briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Daigle's points of error as follows:
(1) The circuit court did not err in admitting evidence that Daigle offered the CW and her friend alcohol and marijuana, and then purchased alcohol for them, about a week prior to the incident. That evidence was relevant to show Daigle's intent, preparation, and plan for his subsequent sexual assault on CW.[3] HRE 404(b). Moreover, contrary to the suggestion of Daigle, the record establishes that the circuit court did weigh the probative value of the evidence against its prejudicial effect, as required by HRE 403. The circuit court engaged in an extended colloquy with counsel about the evidence, including its prejudicial effect; the court then ruled that it would admit the evidence, and directed the parties to submit proposed limiting instructions. See State v. Arakawa, 101 Hawai`i 26, 61 P.3d 537 (App. 2002) (family court adequately weighed the probative value of evidence against its prejudicial effect when it admitted the evidence after engaging in an extended colloquy with counsel).
We conclude that the circuit court did not abuse its discretion in determining that the evidence was admissible. In light of this conclusion, Daigle's assertion that he was improperly forced to ask questions relating to marijuana seeds and drug paraphernalia during his questioning of police lieutenant Randal Ishii (Lt. Ishii) is moot.
(2) The circuit court did not err in denying Daigle's motion for a new trial based on the failure of the State of Hawai`i (State) to advise Daigle prior to trial that the CW claimed that her clothes had been recovered by police and then returned to her. Nor did the circuit court err in its rulings during trial with regard to this issue.
Although the State did not advise Daigle prior to trial about the CW's recollection with regard to the recovery of her clothing, Daigle elicited on cross-examination that the CW recalled that her clothing had been recovered by police shortly after the incident and then returned to her about a couple of weeks later.[4] As a result, Daigle was subsequently able to cross-examine the two police officers who were principally responsible for the investigation, officer John Weber (Officer Weber) and Lt. Ishii, and established that neither of them was aware of any clothing being recovered. He was also able to establish that Lt. Ishii, the lead investigator in the case, had not seen any Hawai`i County Police Department property receipt reflecting the recovery of the clothing.
Daigle first argues that the circuit court abused its discretion during trial because it did not adequately alleviate prejudice that Daigle suffered as a result of the State's failure to disclose this information to him prior to trial. See State v. Miller, 67 Haw. 121, 122, 980 P.2d 251, 252 (1984). However, because this issue came to light during trial and Daigle was able to examine CW, Officer Weber, and Lt. Ishii regarding Daigle has not established that he suffered any prejudice. While Daigle claims that the circuit court erred in denying him the opportunity to re-open his cross-examination of CW to follow up on questions asked by the State regarding the CW's discarding of the clothes, we cannot say that the circuit court abused its broad discretion in precluding further examination. State v. Jackson, 81 Hawai`i 39, 47, 912 P.2d 71, 79 (1996) Although Daigle suggests on appeal that the circuit court should have continued the trial when the inconsistency between the CW and police became evident, Daigle did not make that request at trial and we do not believe that the circuit court erred in failing to sua sponte continue the trial. Finally, although Daigle suggests that the circuit court should have ordered Officer Weber and Lt. Ishii to write supplemental reports, he does not establish what those reports would have added to their oral testimony. In sum, Daigle has failed to establish that he suffered any prejudice, and the circuit court did not abuse its discretion in its handling of this issue once it emerged at trial.[5] See Miller, 67 Haw. at 122, 980 P.2d at 252.
Daigle also argues that the CW's testimony asserting that the police recovered and returned her clothing constituted "false testimony," and that the circuit court therefore erred in not granting Daigle's motion for a new trial pursuant to State v. Teves, 5 Haw. App. 90, 679 P.2d 136 (1984). However, the circuit court properly denied the motion since Daigle was aware of the allegedly false testimony during the trial. Id. at 97, 679 P.2d at 141 (motion for new trial should not be granted unless "defendant and his agents did not discover the falseness of the testimony until after the trial") (emphasis added). Moreover, Daigle failed to present "any substantial evidence" that CW perjured herself. See State v. Cordeiro, 99 Hawai`i 390, 424, 56 P.3d 692, 726 (2002) (where the defendant "was unable to adduce any substantial evidence that [the witness] had, in fact, perjured himself during his testimony, the circuit court did not abuse its discretion in denying defendant's motion for a new trial). Even if CW was wrong about the recovery and return of her clothes, there is nothing in the record establishing that she knowingly perjured herself, as opposed to having a good-faith but erroneous recollection of what took place. Finally, we cannot say that there is a reasonable possibility that the verdict would have been different absent the allegedly false testimony. Teves, 5 Haw. App. at 97, 679 P.2d at 141.
(3) The circuit court did not abuse its discretion in allowing Dharma Shay to testify about statements that CW made to him about the incident, even though there was no direct evidence of the length of time between the incident and when the statements were made. There was substantial evidence from which the circuit court could conclude that CW was still under the stress of excitement" from an exciting event (the incident) when she made the statements, and thus the circuit court did not err in admitting them as excited utterances under HRE 803(b)(2). State v. Moore, 82 Hawai`i 202, 221, 921 P.2d 122, 141 (1996). Contrary to the suggestion of Daigle, we conclude that it was appropriate for the circuit court to allow Shay to testify about CW's demeanor, since that testimony was probative of whether the incident had occurred and also provided the necessary foundation for admitting the CW's statements. State v. Dunn, 8 Haw.App. 238, 246, 798 P.2d 908, 912-13 (1990) (police officer's testimony that when he arrived at the scene the victim "was crying and was visibly upset" was properly admitted, since this testimony indicated that the victim was still "under the stress of excitement caused by the event") (citation omitted)
(4) Viewing the evidence in the light most favorable to the prosecution, State v. Richie, 88 Hawai`i 19, 33, 960 P.2d 1227, 1241 (1998), there was substantial evidence supporting the conviction. Thus the circuit court did not err in denying Daigle's motion for judgment of acquittal.
Finally, in view of our resolution of the foregoing issues, we reject Daigle's suggestion that the cumulative effect of errors by the circuit court denied him a fair trial.
Therefore,
IT IS HEREBY ORDERED that Judgment of Conviction and Probation Sentence filed by the circuit court of the third circuit on October 3, 2006 is hereby affirmed.
NOTES
[1] The Honorable Glenn S. Hara presided.
[2] Hawaii Revised Statutes § 707-732(1)(c) states in relevant part:

Sexual assault in the third degree. (1) A person commits the offense of sexual assault in the third degree if:
(c) The person knowingly engages in sexual contact with a person who is at least fourteen years old but less than sixteen years old or causes the minor to have sexual contact with the person; provided that:
(i) The person is not less than five years older than the minor; and
(ii) The person is not legally married to the minor[.]
[3] Because we find that the evidence was admissible for these purposes, we need not address the other purposes cited by the circuit court.
[4] On redirect, CW testified that she eventually discarded the clothes.
[5] In view of our disposition of this issue, we need not decide whether the State's failure to disclose this information to Daigle prior to trial constituted a violation of Hawai`i Rules of Penal Procedure Rule 16(b)(1)(iv). However, we concur with the circuit court's observation that "whenever there's a duty to disclose it's usually better to err on the side of disclosure [rather] than non disclosure, and this is especially the circumstance where the other side does not have access to the information that you may have."